LTC Victor QUIÑONES–CRUZ and
his wife Haydee Alsina Lopez,
Plaintiffs,

v.

Emilio DIAZ–COLON, as Major General
of the Puerto Rico National Guard, and
in his personal capacity;  United States
of America, Defendants.

Civil No. 95–2337(JAF).

United States District Court,
D. Puerto Rico.

March 26, 1997.

Nydia Maria Diaz–Buxo, Caguas, PR, for
Plaintiffs.

Edna C. Rosario–Muñoz, Asst. U.S. Attorney, Guillermo Gil, U.S. Attorney, U.S. Dept.
of Justice, San Juan, PR, for Defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Before the court is defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), in this case where a former National Guard technician claims his dismissal was violative of his rights under Title VII, 42 U.S.C. § 2000e (1994), 42 U.S.C. § 1983 (1994), and Puerto Rico law claims.

### I.

#### Facts

Plaintiff Victor Quiñones–Cruz had been working as a technician for the Puerto Rico National Guard, a position open only to members of the National Guard.  Mr. Quiñones–Cruz lost his position in the National Guard and, subsequently, his position as technician. He alleges the cause for the dismissal was his refusal to file an officer evaluation report, which led to his transfer and ultimate dismissal.

### II.

#### Motion–to–Dismiss Standard

A defendant may move to dismiss an action against it based only on the pleadings for "failure to state a claim upon which relief can be granted...." Fed.R.Civ.P. 12(b)(6).  In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." *Washington Legal Foundation v. Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1st Cir.1993).  However,

the court will not accept plaintiff's unsupported conclusions or interpretations of law. *Id.*

### III.

#### Employment Discrimination Claims

 Enlisted members of the military generally cannot sue the military or the government for damages related to their service. As the Supreme Court recognized in *Chappell v. Wallace*, 462 U.S. 296, 303, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983), "[t]he special status of the military has required, the Constitution has created, and this Court has long recognized two systems of justice, to some extent parallel: one for civilians and one for military personnel." *Id.* In that case, the Court held that enlisted service members may not maintain a suit against superior officers for an alleged constitutional violation. *Id.* at 305, 103 S.Ct. at 2368.

Broadening the military's protection from suit is *United States v. Stanley*, 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987), in which the Court clarified that any *Bivens* action, one in which any individual sues the federal government or its agent for injuries suffered, *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), will be disallowed if the injury arises from activity "incident to service." *Id.* at 681, 107 S.Ct. at 3062–63.

The plaintiff claims that his position does not face the military exception to federal liability for employment discrimination. Although the technician employment nominally holds some distinction from its military counterpart in the National Guard, the First Circuit, along with other circuits, recognizes that the "job's dual aspects are inseparable; they are, like Chang and Eng, joined at the chest." *Wright v. Park*, 5 F.3d 586, 589 (1st Cir.1993). Given that the job is essentially a martial one, the rules that restrict suits against the military apply.

In the *Wright* case, 5 F.3d at 589–90, the First Circuit found a fired National Guard technician without a *Bivens* or § 1983 remedy in a suit for civil rights damages. There are no relevant facts that distinguish the instant case from the *Wright* case, so our duty here is clearly defined, invalidating the plaintiff's section 1983 claim.

 Unfortunately for the plaintiff, Title VII also unequivocally excludes military employees from its coverage. *Bureau of Alcohol, Tobacco and Firearms v. Federal Labor Relations Authority*, 464 U.S. 89, 92 n. 4, 104 S.Ct. 439, 441 n. 4, 78 L.Ed.2d 195 (1983).

### IV.

#### Conclusion

Since neither substantive federal claim is viable, the motion-to-dismiss standard has been met—the plaintiff has failed to state a claim upon which relief might be granted. Fed.R.Civ.P. 12(b)(6). We GRANT the motion to dismiss, and dismiss without prejudice the Puerto Rico law claims.

IT IS SO ORDERED.